**TROJAN CONST. CO., Inc., v. SMITH CONTRACTING CORP.**

Civ. No. 4895.

United States District Court
W. D. Oklahoma.

Dec. 9, 1950.

Butler & Rinehart, Oklahoma City, Okl., for plaintiff.

Green & Farmer, Tulsa, Okl., for defendant.

WALLACE, District Judge.

### Preliminary Statement

The plaintiff, The Trojan Construction Company, Inc., rented certain power equipment in 1949 to defendant, Smith Contracting Corporation. The plaintiff brings this action for money damages alleged to be the result of damages to the equipment over and above normal wear and tear.

### Findings of Fact

I.

Plaintiff, The Trojan Construction Company, Inc., is an Oklahoma Corporation. Defendant, Smith Contracting Corporation, is a Texas Corporation. The amount in controversy exceeds the sum of $3000.00, exclusive of interest and costs.

II.

The plaintiff rented and delivered certain power equipment to the defendant by virtue of three equipment rental agreements entered into by the parties on December 8, 1948, January 3, 1949 and March 25, 1949. See plaintiff's Exhibit 1, 2 and 3. The general conditions of the lease are the same in each rental contract. Pertinent provisions of the agreements read as follows:

"6. Maintenance and Operation. The Lessee * * * shall see that the equipment is not subjected to careless or needlessly rough usage; and he shall at his own expense maintain the equipment and its appurtenances in good repair and operative condition, and return it in such condition to the Lessor.

"8. Damage to Equipment. The Lessee shall indemnify the Lessor against all loss and damage to equipment during the Rental Period and the appraisal of any such loss or damage shall be based on the equipment values shown by the List of Equipment. Any shortage or damage claim of either party shall be made known to the other party within seven (7) days after receipt of equipment, or such claim shall be void.

"9. Repairs. The expense of all repairs made during the Rental Period, including labor, materials, parts and other items, shall be paid by the Lessee."

III.

The equipment covered by the rental agreement was delivered to the plaintiff on or about May 25, 1949.

IV.

One or two days prior to the delivery of equipment to the plaintiff and while the equipment was in the possession of the defendant, an inspection of the equipment was made by Charles Craig, agent of the defendant, and Albert C. Johnson, agent of the plaintiff. As a result of that inspection, the two above named agents agreed at that time on two things: (1) some of the equipment was in a damaged condition; (2) the equipment should be repaired and any damage above normal wear and tear would be borne by the defendant.

## V.

To avoid repetitious statements, equipment referred to by the court in the following findings of fact and conclusions of law, unless otherwise designated, is equipment covered by the rental equipment contracts and was the subject of the delivery and inspection referred to in paragraphs three and four, *supra.*

## VI.

The following itemized repair work was completed on plaintiff's equipment subsequent to the return of the equipment to plaintiff's possession:

TD–18 Tractor, Dozer type.... $2,133.22, see plaintiff's Exhibit 7.

D8 Tractor .................... $2,250.07, see plaintiff's Exhibit 9.

In addition, repair work in the sum of $189.33 was made on the TD-18 Tractor while it was in the possession of the defendant. See plaintiff's Exhibit 5. The court finds the above stated repair work was necessary to repair the damage to the equipment occasioned by the misuse of the equipment by the defendant while in its possession. The cost of the repair work was reasonable.

## VII.

Repair work in the reasonable value of $24.75 was done on a D7 Tractor and a TD-18 Tractor, owned by plaintiff, during the time the equipment was in the possession of defendant, and a HD-19 Tractor owned by defendant, by an employee of the plaintiff.

## VIII.

The defendant admits owing the sum of $606.13 for repair work completed on a D8 Tractor, owned by plaintiff. See plaintiff's Exhibit 4.

## IX.

Defendant has not paid the repair costs that are itemized in paragraphs VI, VII, VIII, *supra.*

### Conclusions of Law

## I.

The court has jurisdiction over the parties and subject matter of this action.

## II.

The defendant's motion to amend the answer to include a counterclaim for overpayment of rentals is denied.

 Amendments to pleadings are within the discretion of the trial court. Allowing the interjection of defendant's counterclaim, which constituted a separate and distinct cause of action, would be prejudicial to the rights of plaintiff. The defendant submitted a statement of the issues involved to the court and the plaintiff, for the purpose of disclosing the uselessness of a pre-trial conference, and it omitted any reference to any contemplated counterclaims. The orderly administration of justice will be served by requiring defendant to abide by that statement.

## III.

 The rental equipment contracts are valid agreements and govern the contractual rights and obligations of the parties to this action.

## IV.

By the terms of the contracts, defendant was obligated to maintain the machines in good condition and indemnify plaintiff for any cost of repairs to the equipment damaged while it was being used by defendant, except normal wear and tear.

## V.

 The defendant is indebted to the plaintiff in the sum of $4,388.29 for repair work completed on the equipment resulting from damages, other than normal wear and tear, caused by the use of the equipment by the defendant. The damages to the equipment was the direct and proximate result of misuse and improper treatment by the defendant.

## VI.

The contract stipulates that notice of loss or damage within seven days of the receipt of the equipment is a condition precedent to liability. Strict compliance with this provision was waived by defendant by the acts of its agent, Charles Craig (see paragraph IV of the findings of fact); as a result, good and sufficient notice was given to the defendant by the oral conversation

prior to the delivery of the machines to plaintiff and the letter of July 12, 1949, from plaintiff to defendant wherein the exact amount of damages was detailed.

## VII.

The defendant is indebted to plaintiff in the sum of $24.75. This sum is due in part as a contractual obligation created by Section 9 of the general conditions of the contracts and the remainder is the reasonable value of the service of an employee of plaintiff.

## VIII.

The defendant admits an indebtedness to the plaintiff in the amount of $600.13.

## IX.

It is the conclusion of the court that the plaintiff is entitled to a judgment in the amount of $5,208.50.